UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHRISTOPHER HUGHES,  CASE NO. 3:12-CV-158-3-32J87

    Plaintiff,

v.

CITY OF LAKE CITY,

    Defendant.

_____/

## COMPLAINT

Plaintiff, CHRISTOPHER HUGHES, hereby sues Defendant, CITY OF LAKE CITY, and alleges:

### NATURE OF THE ACTION

1. This is an action brought under Chapter 760, Florida Statutes, 42 U.S.C. §2000e et seq. and 42 U.S.C. §1981a.

2. This is an action involving claims which are, individually, in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest.

### THE PARTIES

3. At all times pertinent hereto, Plaintiff, CHRISTOPHER HUGHES, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of

a protected class because of his race (black) and the fact that he opposed unlawful practices and was the victim of retaliation thereafter.

4. At all times pertinent hereto, Defendant, CITY OF LAKE CITY, has been organized and existing, or operating, under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above.

5. Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations and properly removed his charge therefrom, after the expiration of 180 days, as authorized under §760.11, Florida Statutes. This action is timely brought thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6. Plaintiff was first employed with Defendant in or about August 2009 as an Officer with the City of Lake City Police Department.

7. In or about October 2010, Plaintiff filed a Charge of Discrimination detailing events of discrimination including but not limited to, disciplinary actions for failing to appear in court and lateness to a training session; overly scrutinizing written reports; rude and/or inappropriate radio interaction with central dispatch; comments made by his supervisor that Plaintiff was "dumb, stupid, and excited" and other similar behaviors. Additionally, Plaintiff filed internal reports regarding his treatment by Sergeant Barfield, Captain Blanchard, Officer Brownfield, and Jessica (lnu).

2

8.   After Plaintiff filed his initial Charge of Discrimination, Plaintiff avers that his treatment worsened. By way of example only, Plaintiff was abandoned in the field by his co-officers, his Sergeant monitored him and performed surveillance of his activities, continuing to overly scrutinize written reports, and back dating write-ups for tardiness for training sessions occurring prior to the Charge of Discrimination.

9.   Ultimately, Plaintiff was terminated in or about February 2011 on contrived allegations related to statements he allegedly made to Sergeant Barfield. Plaintiff avers that the statements were not false or were misconstrued. Plaintiff maintains that his termination was based on race and/or in retaliation for his past complaints of discrimination.

10.   Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay her a fee for her services. Defendant should be made to pay said fee under §760.11, Florida Statutes, and 42 U.S.C. §2000e et seq.

## COUNT I

### RACE DISCRIMINATION

11.   Paragraphs 1 through 10 are realleged and incorporated herein by reference.

12.   This is an action against Defendant for discrimination based upon race brought under Chapter 760, Florida Statutes and 42 U.S.C. §2000e et seq..

13.   Plaintiff has been the victim of discrimination on the basis of Plaintiff's race in that Plaintiff was treated differently than similarly situated employees of Defendant who are white or Hispanic and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's race.

3

14. Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same. Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

15. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a race based nature and in violation of the laws set forth herein.

16. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein lead, at least in part, to Plaintiff's termination on contrived allegations.

17. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race in violation of Chapter 760, Florida Statutes, and 42 U.S.C. §2000e et seq..

18. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-

pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing.

## COUNT II

## RETALIATION

19. Paragraphs 1 through 10 are hereby realleged and reincorporated as if set forth in full herein.

20. Defendant is an employer as that term is used under the applicable statutes referenced above.

21. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting him under 42 U.S.C § 2000e *et seq.*, Title I of the Civil Rights Act of 1991 and Chapter 760, Florida Statutes.

22. The foregoing unlawful actions by Defendant were purposeful.

23. Plaintiff voiced opposition to unlawful employment practices during his employment with Defendant and was the victim of retaliation thereafter, as related in part above.

24. Plaintiff is a member of a protected class because he reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

25. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent.

26. As a direct and proximate cause of Plaintiff's opposition to unlawful employment practices, he has been damaged, which damages include but are not limited to lost wages and other tangible job benefits plus attorneys fees and costs, and every other kind of damage allowed by law. Plaintiff has also suffered emotional pain and suffering damages and other intangible damages that continue to day. These losses are permanent and continuing. Plaintiff is also entitled to injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a) An injunction restraining continuing violations of the laws;

(b) Reinstatement to the same position that Plaintiff held before the retaliatory personnel actions or to an equivalent position;

(c) Reinstatement of full fringe benefits and seniority rights, to the extent such were available to him;

(d) Compensation for loss wages, benefits, and other remuneration;

(e) All damages as allowed by law;

(f) Attorney's fees, costs and cost of this action, and

(g)    Any other relief deemed just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 13th day of February, 2012.

                                                Respectfully submitted,

                                                <u>Marie A. Mattox</u>
                                                Marie A. Mattox; FBN 0739685
                                                MARIE A. MATTOX, P.A.
                                                310 East Bradford Road
                                                Tallahassee, FL 32303
                                                Telephone: (850) 383-4800
                                                Facsimile: (850) 383-4801
                                                ATTORNEYS FOR PLAINTIFF

EEOC Form 161 (11/09) **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Christopher C. Hughes<br>408 SE Allen Place, Apt. 202<br>Lake City, FL 32025 | From: | Tampa Field Office<br>501 East Polk Street<br>Room 1000<br>Tampa, FL 33602 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 511-2010-02396 | Christopher Griffin,<br>Investigator | (813) 202-7936 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

- NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed <u>**WITHIN 90 DAYS**</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>**more than 2 years (3 years)**</u> before you file suit may not be collectible.

On behalf of the Commission

Georgia M. Marchbanks,
Director

NOV 15 2011
(Date Mailed)

Enclosures(s)

cc:
Darby & Peele, P.A.
Attn: Richard E. Stadler
c/o LAKE CITY POLICE DEPARTMENT
285 NE Hernando Avenue
Post Office Drawer 1707
Lake City, FL 32056